UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN CARLOS CARMONA DIAZ,

      Petitioner,

    v.                                        Case No.:  2:26-cv-01129-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,

      Respondent,

                             /

## OPINION AND ORDER

Before the Court are petitioner Juan Carlos Carmona Diaz's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Carmona Diaz is a native of Cuba who was paroled into the United States on January 20, 2016.  On December 10, 2018, he pled guilty to shooting into a building and sentenced to 364 days in jail.  An immigration judge ordered Carmona Diaz removed on December 10, 2019.  Immigration and Customs Enforcement ("ICE") was unable to remove him, so it released him under an order of supervision.  On January 30, 2026, ICE revoked his release and arrested him.  He is currently detained at Alligator Alcatraz.  Carmona Diaz challenges the legality of his detention because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Carmona Diaz's petition is premature because his current detention has not exceeded 180 days. They assume a six-month

presumptively reasonable period of detention starts each time a noncitizen is detained.   That assumption is inconsistent with *Zadvydas*.  As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Carmona Diaz has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  ICE was unable to remove him in 2019, and no change in circumstances makes removal more likely now.  The burden thus shifts to the government, but it makes no attempt at rebuttal.  The Court finds no significant likelihood Carmona Diaz will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention.  "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690.  The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given

Carmona Diaz's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby **ORDERED:**

Juan Carlos Carmona Diaz's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Carmona Diaz poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the government shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Carmona Diaz may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record